**HALLINAN & KILLPACK LAW FIRM**
5240 E. Pima Street
Tucson, Arizona 85712
Telephone: (520) 320-5240 / Fax: (520) 577-7044
**Kirstin T. Eidenbach, Esq.**
kirstin@HLFAZ.com
State Bar No. 027341
**Joane E. Hallinan, Esq.**
joane@HLFAZ.com
State Bar No. 022487/PAN 65703
**Audrey C. Miller, Esq.**
audrey@HLFAZ.com
State Bar No. 031161/PAN 66881
**Jeremy Killpack, Esq.**
jeremy@HLFAZ.com
State Bar No. 033434/PAN 66970
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Randolph,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Yancey Brewer, *et al.*,<br><br>　　　　　Defendants. | Case No.<br><br><br>**COMPLAINT**<br><br>Assigned to Honorable |

## I.　REQUEST FOR JURY TRIAL

　　　1.　A jury trial is requested.

## II.　PARTIES

　　　2.　Plaintiff Kelly Randolph ("Ms. Randolph" or "Plaintiff") was remanded to the custody of the Arizona Department of Corrections at the time of the incident.

She was housed at ASPC - Perryville, Lumley Unit, a prison facility operated by the Arizona Department of Corrections, Rehabilitation & Reentry.

3. Defendant Yancey Brewer ("Defendant Brewer" or "COII Brewer") is an employee of the Arizona Department of Corrections and was at the relevant time a corrections officer working in the unit where Ms. Randolph was housed.

4. Defendant Ronald Lee is an employee of the Arizona Department of Corrections and was at the relevant time the Deputy Warden of the unit or facility where Ms. Randolph was housed.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Counts One and Two deriving from 28 U.S.C. §§1331 and 1343 and 42 U.S.C. §1983.

6. This Court has supplemental jurisdiction over Counts Two, Three, Four, and Five deriving from 28 U.S.C. §1367 because the claims are so related that they form part of the same case or controversy.

7. Venue is appropriate in the Phoenix division of the US District Court, District of Arizona under 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to the claims occurred in Maricopa County, Arizona.

## IV. ALLEGATIONS COMMON TO ALL CLAIMS

8. On or about January 31, 2020, Ms. Randolph entered Kitchen 27 escorted by a COII.

9. With COII Bright behind her holding the door, Ms. Randolph entered the kitchen and encountered Defendant Brewer.

10. Immediately and without provocation, Defendant Brewer began yelling obscenities at Ms. Randolph.

11. Throughout the verbal assault, Defendant Brewer did not give directions or otherwise indicate what behavior he expected from Ms. Randolph.

12. Defendant Brewer, without warning or explanation, threw his handheld radio forcefully at Ms. Randolph.

13. Defendant Brewer's radio struck Ms. Randolph's left arm and left breast, causing her immediate pain and numbness to her left fifth finger.

14. Neither Defendant Brewer nor COII Bright provided any explanation or justification for the unprovoked assault.

15. Following the assault, Ms. Randolph began experiencing anxiety and symptoms of post-traumatic stress for which she now requires medication and intensive therapy.

16. Ms. Randolph's anxiety interferes with her ability to work and to perform daily life activities.

## V. CLAIMS FOR RELIEF

### COUNT ONE

**Defendant Brewer's unprovoked assault was a violation of Ms. Randolph's Eighth Amendment right to security in her person and gives rise to a cognizable claim under 42 U.S.C. §1983**

17. Plaintiff incorporates her statements made above as if stated in full herein.

18. At the relevant times, Defendant Brewer acted under color of law as a corrections officer for the Arizona Department of Corrections.

19. The force Defendant Brewer used in striking Ms. Randolph with a handheld radio was unrelated to any reasonable need to restore order or discipline.

20. Defendant Brewer acted maliciously and sadistically to cause harm in yelling obscenities at Ms. Randolph and hitting her with his radio.

21. Defendant Brewer harmed Ms. Randolph by causing her significant pain to her left chest and arm, numbness in her left fingers and hand, and post-traumatic stress.

**COUNT TWO**

**Defendant Lee's deliberate indifference to Ms. Randolph's pain and failure to adequately train and manage Defendant Brewer and COII Bright was a violation of Ms. Randolph's Eighth Amendment right to security in her person and gives rise a cognizable claim under 42 U.S.C. §1983.**

22. Plaintiff incorporates her statements made above as if stated in full herein.

23. At the relevant times, Defendant Lee acted under color of law as the deputy warden responsible for training and management of Defendant Brewer and COII Bright.

24. Defendant Lee failed to adequately train Defendant Brewer in appropriate and constitutionally acceptable use of force.

25. Defendant Lee failed to adequately train COII Bright in appropriate responsive or intervening measures when another employee of the Arizona Department of Corrections committed an assault upon an inmate.

26. Defendant Lee failed to adequately manage Defendant Brewer in order to prevent his unconstitutional use of force.

27. Defendant Lee was aware of the risk of harm of unsupervised and untrained corrections officers' use of force against inmates.

28. Defendant Lee's failure to train and manage Defendant Lee and COII Bright demonstrates deliberate indifference to a serious risk of harm to Ms. Randolph.

29. Through his failures to adequately train and manage, Defendant Lee caused Ms. Randolph harm when Defendant Brewer verbally and physically assaulted her and COII Bright did not intervene.

## COUNT THREE

**Defendant Brewer's unprovoked assault is a battery under state law.**

30. Plaintiff incorporates her statements made above as if stated in full herein.

31. Defendant Brewer intended to cause harmful and offensive contact with Ms. Randolph when he yelled obscenities at her and struck her with his handheld radio.

32. Defendant Brewer harmed Ms. Randolph by causing her significant pain to her left chest and arm, numbness in her left fingers and hand, and post-traumatic stress.

## COUNT FOUR

**Defendant Brewer's actions amount to intentional infliction of emotional distress under state law.**

HALLINAN & KILLPACK LAW FIRM
5240 E. PIMA STREET, TUCSON, AZ 85712
TELEPHONE: 520-320-5240

33. Plaintiff incorporates her statements made above as if stated in full herein.

34. Defendant Brewer's unprovoked assault was conduct so extreme as to go beyond all possible bounds of decency.

35. Defendant Brewer's assault was intentional as he deliberately yelled at Ms. Randolph and struck her forcefully with his radio.

36. Defendant Brewer's assault caused Ms. Randolph to suffer severe emotional distress in the form of post-traumatic stress and anxiety.

## COUNT FIVE

**Defendant Lee is vicariously liable for Defendant Brewer's actions of battery and intentional infliction of emotional distress under state law.**

37. Plaintiff incorporates her statements above as if stated in full herein.

38. Defendant Brewer was an employee under the supervision of Defendant Lee at all relevant times.

39. Defendant Brewer acted within the scope of his duties and in furtherance of Defendant Lee's business when he committed the torts of battery and intentional infliction of emotional distress against Ms. Randolph.

40. Defendant Lee is responsible for Defendant Brewer's actions taken within the scope of Defendant Brewer's employment.

FOR THE REASONS STATED ABOVE, Plaintiff requests judgment against each of the Defendants in the amounts and proportions deemed by the trier of fact as sufficient to

compensate Plaintiff for the harm caused by Defendants' violation of her constitutional rights, battery, and intentional infliction of emotional distress as follows, for:

A. Plaintiff's medical expenses and future medical expenses;

B. Plaintiff's lost wages;

C. Plaintiff's pain and suffering;

D. Plaintiff's emotional distress;

E. Special and punitive damages;

F. As the successful parties to this civil action, Plaintiff also prays for an award of his costs realized herein pursuant to A.R.S. §12-341 and for reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. §1988; and

G. For such relief the Court deems just and proper in the circumstances.

RESPECTFULLY SUBMITTED this 25th day of Novemer, 2020.

                                          /s/ *Kirstin T. Eidenbach*
                                          Kirstin T. Eidenbach, Esq.
                                          Joane E. Hallinan, Esq.
                                          Audrey C. Miller, Esq.
                                          Jeremy Killpack, Esq.
                                          Hallinan & Killpack Law Firm